**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **HOPE BOLDEN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Civil Action No.: 2:08cv00021-MEF** |
| | ) |
| **MICKI BETH STILLER, and** | ) |
| **MICKI BETH STILLER, P.C.,** | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANTS ANSWER TO COMPLAINT

**COME NOW** Defendants, Micki Beth Stiller, and Micki Beth Stiller, P.C. ("Defendants") by and through their undersigned Counsel, and answers Plaintiff's Complaint.

## I. PARTIES

1.      Answering Paragraph 1 of the Complaint, Defendants acknowledge that Plaintiff Hope Bolden is over nineteen years of age. Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation regarding her current resident.

2.      Defendants admit the allegations of Paragraph 2 of the Complaint.

3.      Defendants admit the allegations of Paragraph 3 of the Complaint.

## II. JURISDICTION

4.      Answering Paragraph 4 of the Complaint, Defendants acknowledge that Plaintiff seeks to invoke the jurisdiction of this Court pursuant to § 216(b) of the FLSA and §§ 1331 and 1347 of Title 28 of the United States Judicial Code.

### III.  COUNT ONE

5.      Answering Paragraph 5 of the Complaint, Defendants admit that Plaintiff was hired by Micki Beth Stiller, P.C. ("Stiller, P.C.") on or about August 25, 2003. Defendants admit that one of Plaintiff's supervisors was Defendant Micki Beth Stiller ("Stiller").  However, Stiller was not Plaintiff's only supervisor.  Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation regarding her age at the time of hire.  Defendants deny that Plaintiff was hired as a paralegal.  Defendants deny that Plaintiff was required to work with Stiller every day.  Plaintiff often claimed to be working unsupervised at home.  Plaintiff worked at times under the supervision of an attorney other than Stiller.  Defendants deny any remaining allegations in Paragraph 5 of the Complaint.

6.      Answering Paragraph 6 of the Complaint, Plaintiff and Stiller, P.C. agreed that Plaintiff would be paid on a bi-weekly basis for 80 regular hours.  Defendant Stiller, P.C. did keep records of Plaintiff's work hours, including those hours that were recorded by use of a time clock on an office computer.  Defendant Stiller, P.C. also kept records of holiday, sick, vacation, and personal time.  Plaintiff represented to Defendants on a regular basis that she was working unsupervised at home, but rarely provided adequate documentation of the work she claimed to have performed at home.  Plaintiff rarely obtained prior authorization to work at home as required by Defendants.  Defendants deny any remaining allegations in Paragraph 6 of the Complaint.

7.      Answering Paragraph 7 of the Complaint, Defendants deny that Plaintiff was regularly required to work on the weekends and after regular hours.  The hours Plaintiff worked at home were on Plaintiff's initiative to make up for the time that she

regularly missed work during the week. Plaintiff made a number of statements to Defendants, now believed to be false and fraudulent representations, about the reasons for Plaintiff's numerous absences and tardies. For example, Defendants now know that Plaintiff's frequent claims that her erratic work week was due to stage three cancer were false, and her many claims that she suffered from symptoms and underwent treatment and hospitalization, because of her alleged cancer, were also false. Plaintiff's claims of cancer and its repercussions were all completely false. Defendants admit that Plaintiff was denied certain leave time and payments that she claimed. Defendants determined that those claims were not adequately documented, authorized, or accurate. Defendants deny any remaining allegations in Paragraph 7 of the Complaint.

8.      Answering Paragraph 8 of the Complaint, Stiller, P.C. did allow Plaintiff to work on fee petitions at home on occasion. However, Plaintiff was asked to document her work at home and to obtain prior approval. Rarely did Plaintiff adequately document her unsupervised work or obtain prior approval. Defendants admit that from time to time Plaintiff was assigned work duties at other than the Montgomery office, but such assignments were rare. Defendants deny that Plaintiff provided training as alleged. Defendants now know that when Plaintiff received assignments at other offices she often would not actually work the entire time she was at these offices and would at times leave the offices and still claim she had worked. At times she would use such assignments to make false claims about hours worked and to receive payment for hours not worked. Defendants deny that Plaintiff regularly worked in excess of 40 hours per week or that she regularly worked overtime at the request of Defendants with their knowledge. Defendants deny any remaining allegations in Paragraph 8 of the Complaint.

9.     Answering Paragraph 9 of the Complaint, Defendants admit that Plaintiff was required to verify the hours she worked at home.  This was a requirement at all relevant times, but Plaintiff rarely provided adequate verification.  Defendants deny that Plaintiff completed numerous work-related documents to support her hours and provided them to the Defendants.  Defendants admit that sick leave was reduced by a number of hours that were not properly authorized or documented.  Defendants deny that Plaintiff's sick time was wrongfully reduced.  Defendants deny the remaining allegations of Paragraph 9 of the Complaint.

10.     Defendants deny the allegations of Paragraph 10 of the Complaint.

11.     Defendants deny the allegations of Paragraph 11 of the Complaint to the extent it states or implies that Defendants took any action as a result of any complaints by Plaintiff.  To the contrary, Plaintiff made no complaint to Defendants about any alleged unlawful actions by Defendants.  Defendants admit that as it became clear that Plaintiff had made numerous false representations about having and suffering from cancer, about being hospitalized and treated for cancer, about attempting suicide, and numerous other outrageous falsehoods, together with her refusal to properly document and obtain authorization for her alleged work at home, Defendants did make a renewed effort to require Plaintiff to comply with pre-existing policies of documentation and approval for work at home.  Further, as Plaintiff's lies became more and more obvious, her unsupervised claims were naturally more closely scrutinized.  Defendants deny that Plaintiff's failure to receive a cost of living raise or an annual raise in the Fall of 2007, was the result of any complaint about wages or hours made by Plaintiff.  Plaintiff made

no such complaint. Defendants deny the remaining allegations of Paragraph 11 of the Complaint.

12.    Answering Paragraph 12 of the Complaint, Defendants admit that Plaintiff was asked for a doctor's excuse for her absences and that Plaintiff provided Defendants with a forged letter purportedly from a physician at a cancer treatment center in Michigan. Defendants learned that the physician's signature was a forgery by Plaintiff and that the physician and the treatment center never heard of Plaintiff. Defendants also learned that Plaintiff's claim of hospitalization in Troy, Alabama, for an alleged suicide attempt was entirely false. Plaintiff was not hospitalized nor did she attempt suicide. Defendants deny the remaining allegations of Paragraph 12 of the Complaint.

13.    Answering Paragraph 13 of the Complaint, Defendants learned in December 2007, that Plaintiff had lied about her alleged treatment for cancer and had provided Defendants with a forged document from a cancer treatment center that had never heard of Plaintiff. Defendants have not paid certain claims of Plaintiff which Defendants believe to be based on false representations by Plaintiff. Defendants deny the remaining allegations of Paragraph 13 of the Complaint.

14.    Defendants deny the allegations of Paragraph 14 of the Complaint.

15.    Defendants deny the allegations of Paragraph 15 of the Complaint.

### IV.    COUNT TWO

16.    Defendants incorporate herein by reference the foregoing answers to the allegations in Paragraphs 1 through 15, as if the same were set out here in full.

17.    Defendants deny the allegations of Paragraph 17 of the Complaint.

18.    Defendants deny the allegations of Paragraph 18 of the Complaint. Plaintiff was terminated because Defendants received irrefutable proof that Plaintiff had continually lied to Defendants about having cancer, receiving treatment for cancer, being hospitalized, making suicide attempts, and other false representations.  Plaintiff made the false representations in order to excuse her absences and tardies, to support her claims for leave, to cover the fact she was having an affair during work hours with a person or persons not her husband, and to justify false claims for wages and benefits for time she did not work, for sick leave when she was not sick, and for other false and fraudulent claims made by Plaintiff.  Defendants deny the remaining allegations of Paragraph 18 of the Complaint.

19.    Defendants deny the allegations of Paragraph 19 of the Complaint.

### V.  COUNT THREE

20.    Defendants incorporate herein their answers to the allegations in Paragraphs 1 through 19, as if the same were set out here in full.

21.    Defendants deny the allegations of Paragraph 21 of the Complaint.

22.    Answering Paragraph 22, Defendants admit that Plaintiff voluntarily attended an art show in Atlanta with Defendant Stiller, and that Stiller does buy and sell art, but deny the remaining allegations of Paragraph 22 of the Complaint.

23.    Defendants deny the allegations of Paragraph 23 of the Complaint.

24.    Defendants deny the allegations of Paragraph 24 of the Complaint.

25.    Defendants deny the allegations of Paragraph 25 of the Complaint, except Plaintiff's employment was terminated on December 10, 2007, because Plaintiff

submitted a forged document to Defendants falsely claiming she had been treated for cancer and other false representations made by Plaintiff.

26.    Defendants deny the allegations of Paragraph 26 of the Complaint.

27.    Answering Paragraph 27 of the Complaint, Defendant Stiller engaged in no wrongful conduct regarding Plaintiff and Defendants deny the remaining allegations of Paragraph 27 of the Complaint.

## VI.  COUNT FOUR

28.    Defendants incorporate herein their answers to the allegations in Paragraphs 1 through 27, as if the same were set out here in full.

29.    Defendants deny the allegations of Paragraph 29 of the Complaint.

30.    Defendants deny the allegations of Paragraph 30 of the Complaint.

31.    Defendants deny the allegations of Paragraph 31 of the Complaint.

## VII.  COUNT FIVE

32.    Defendants incorporate herein their answers to the allegations in Paragraphs 1 through 31, as if the same were set out here in full.

33.    Defendants deny the allegations of Paragraph 33 of the Complaint.

34.    Defendants deny the allegations of Paragraph 34 of the Complaint.

35.    Defendants deny the allegations of Paragraph 35 of the Complaint.

## VIII.   CLAIMS FOR RELIEF

36.    Each Count of the Complaint contains a prayer for relief which requires neither an admission nor a denial by Defendants.  To the extent the prayer for relief creates any inference that Plaintiff is entitled to any remedy or relief, such inference is denied.

37.     Defendants deny any remaining allegations in the Complaint.

## IX.  DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses without assuming the burden of proof of such defenses that would otherwise rest with Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

38.     Defendants and Plaintiff were not engaged in commerce as defined under the FLSA.

### SECOND AFFIRMATIVE DEFENSE

39.     Defendant Stiller was not Plaintiff's employer and is not subject to the FLSA regarding Plaintiff pursuant to 29 U.S.C. § 213(a)(i).  Plaintiff is exempted from the provisions of §§ 206 and 207 of the FLSA.

### THIRD AFFIRMATIVE DEFENSE

40.     Except to the extent expressly admitted herein, the allegations of the Complaint are denied.

### FOURTH AFFIRMATIVE DEFENSE

41.     The Complaint fails to state claims against Defendants upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

42.     Plaintiff was not illegally retaliated against and no wage or benefit was denied to Plaintiff intentionally or otherwise, and any alleged wrongful action was based on legitimate, non-retaliatory factors or reasons other than Plaintiff's gender and other than any alleged complaints by Plaintiff about pay or benefits.

## SIXTH AFFIRMATIVE DEFENSE

43.     All of Defendants' actions toward Plaintiff have been reasonable and based upon a good faith exercise of responsibility conferred upon Defendants to make business judgments regarding Plaintiff and have been made without regard to Plaintiff's gender or any alleged complaint about pay or benefits.

## SEVENTH AFFIRMATIVE DEFENSE

44.     Plaintiff is not entitled to liquidated damages under *29 U.S.C. § 260*, because at all times relevant and material herein, Defendants acted in good faith and had reasonable grounds for believing that it did not violate the provisions of the *Fair Labor Standards Act, 29 U.S.C. 201 et seq.*

## EIGHTH AFFIRMATIVE DEFENSE

45.     To the extent Plaintiff was inadvertently required to work unpaid overtime, which Defendants expressly deny, any such occurrence was occasional and inadvertent.

## NINTH AFFIRMATIVE DEFENSE

46.     Plaintiff cannot prove any retaliatory or unlawful conduct by Defendants; alternatively, even if Plaintiff could prove retaliatory or unlawful conduct by Defendants, which Plaintiff cannot, Defendants would have made the same decisions and taken the same actions without regard to any alleged retaliatory or unlawful motive.

## TENTH AFFIRMATIVE DEFENSE

47.     Defendants deny that either of them acted intentionally, with malice, or with reckless disregard for Plaintiff's federally protected rights.

## ELEVENTH AFFIRMATIVE DEFENSE

48.    Defendants acted in good faith and had reasonable grounds for believing that their actions or omissions did not violate any federally protected right.

## TWELFTH AFFIRMATIVE DEFENSE

49.    Any alleged disparity in treatment between the Plaintiff and any other employee of Defendants is based on legitimate, non-retaliatory and non-discriminatory reasons.

## THIRTEENTH AFFIRMATIVE DEFENSE

50.    Plaintiff was an employee at will under Alabama law.

## FOURTEENTH AFFIRMATIVE DEFENSE

51.    Any act or omission on the part of Defendants was in good faith and in reliance on its interpretation of written administrative regulations, orders, rulings, approvals or interpretations of the U.S. Department of Labor and, therefore, some or all of the Complaint is barred.

## FIFTEENTH AFFIRMATIVE DEFENSE

52.    Defendants have fully compensated Plaintiff for all work she performed on behalf of Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

53.    Plaintiff's claims are barred to the extent she has failed to mitigate her alleged damages, entitlement to which is expressly denied.

## SEVENTEENTH AFFIRMATIVE DEFENSE

54.    Plaintiff's claims are barred, in whole or in part, by her own failure to act.

## EIGHTEENTH AFFIRMATIVE DEFENSE

55.      There is no basis for holding Defendants liable for any alleged discriminatory or retaliatory action, either directly or indirectly.

## NINETEENTH AFFIRMATIVE DEFENSE

56.      Defendants plead the doctrines of estoppel, waiver, and laches.

## TWENTIETH AFFIRMATIVE DEFENSE

57.      Plaintiff's claims for damages are limited in whole or in part by statute.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

58.      Plaintiff is barred from recovery of special damages because she has failed to plead such damages in a manner required by Federal Rules of Civil Procedure 9(g).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

59.      Plaintiff's claims, or some of them, are, or may be, barred by the statute of limitations.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

60.      Plaintiff's claimed damages are limited, or Defendants liability is precluded, to the extent after-acquired evidence of Plaintiff's wrongdoing is discovered sufficient to justify the alleged conduct of Defendants subject of her Complaint.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

61.      Plaintiff's claims, or some of them, are barred by the doctrine of accord and satisfaction.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

62.      Plaintiff's claims are, or may be, barred by reason of unclean hands.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

63.    Plaintiff's claims, or some of them, are barred by the doctrines of set-off, payment, or recoupment.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

64.    Portions of Plaintiff's Complaint are vague and conclusory.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

65.    Portions of Plaintiff's Complaint are due to be stricken.

## TWENTY-NINETH AFFIRMATIVE DEFENSE

66.    Plaintiff is not entitled to punitive damages under the allegations of the Complaint.

## THIRTIETH AFFIRMATIVE DEFENSE

67.    With respect to Plaintiff's demand for punitive damages, Defendants specifically incorporates by reference any and all standards and limitations regarding the determination and enforceability of punitive damage awards set forth by the United States Supreme Court in the decision of *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct.1513 (2003).

## THIRTY-FIRST AFFIRMATIVE DEFENSE

68.    Alabama's system of awarding punitive damages violates the due process, equal protection, right to trial by jury, and the protection against ex post facto laws guarantees of the United States and the Alabama constitutions.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

69.     Alabama's punitive damages system is in violation of the Eighth Amendment of the United States Constitution and Section 15 of Article 1 of the Alabama Constitution.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

70.     Any award of punitive damages against Defendants under the facts of this case would be impermissible for one or more of the following reasons.

(a)     There are inadequate safeguards with respect to the imposition of punitive damages against Defendants under Alabama law as presently applied to meet the requirements of due process of law under the Fourteenth Amendment to the Constitution of the United States.  Accordingly, the imposition of punitive damages in this case against Defendants would violate that amendment to the Constitution of the United States.

(b)     The imposition of punitive damages against Defendants in this case would violate the Commerce Clause of the Constitution of the United States by placing an undue burden on interstate commerce.

(c)     There is a lack of sufficiently independent post-verdict judicial review of any punitive damages imposed against Defendants under Alabama law as presently applied to meet the requirements of due process of law under the Fourteenth Amendment to the Constitution of the United States and under the Constitution of Alabama.  Accordingly, the imposition of punitive damages in this case against Defendants would violate both Constitutions.

(d)    Defendants reserve the right to adopt whatever additional standards, defenses, criteria, or limitations applicable to punitive damages which may be enacted by the Congress of the United States or the Alabama Legislature.

(e)    Under Alabama law, the imposition of punitive damages against Defendants would constitute an arbitrary and capricious taking of property without due process of law in violation of the Constitutions of both the United States and the State of Alabama.

(f)    The imposition of punitive damages against Defendants would constitute an excessive fine under the Constitutions of both the United States and the State of Alabama.

(g)    The imposition of punitive damages against Defendants would improperly penalize them without the same safeguards afforded criminal defendants by the Constitution of both the United States and the State of Alabama

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

71.    No punitive damages are warranted or allowable that would exceed comparable maximums established for criminal fines.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

72.    Punitive damages cannot be sustained because of the lack of clarity in Alabama's standards for awarding punitive damages.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

73.    Plaintiff's complaint is brought in retaliation for Defendants having terminated Plaintiff for forgery and other criminal and fraudulent conduct.

14

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

74.     Plaintiff's claims against Defendants are frivolous, unreasonable, and groundless, entitling Defendants to all costs of litigation and reasonable attorneys' fees.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

75.     This action and any relief sought by Plaintiff may be barred by additional defenses which cannot now be articulated due to the generality of Plaintiff's Complaint and other presently undeveloped information.  Accordingly, Defendants reserve the right to assert additional defenses upon further particularization of Plaintiff's claims and further discovery of information regarding her alleged claims against Defendants.

## THIRTY-NINETH AFFIRMATIVE DEFENSE

76.     Defendants reserve the right to amend or add counterclaims the basis for which may become known during the course of discovery.

## FORTIETH AFFIRMATIVE DEFENSE

77.     Defendants are entitled to a set-off with respect to monies paid in salary for any hours that Plaintiff was not working, and for monies paid pursuant to the window of correction contained in 29 C.F.R. § 541.118(a)(6).

## FORTY-FIRST AFFIRMATIVE DEFENSE

78.     The Complaint is barred, in whole or in part, because pursuant to 29 U.S.C. § 213(a)(i), Plaintiff is exempted from the provisions of §§ 206 and 207 of the FLSA.

## FORTY-SECOND AFFIRMATIVE DEFENSE

79.     Defendants reserve all the defenses under the FLSA.

## FIRST COUNTERCLIAM

COMES NOW Defendant and Counterclaimant, Micki Beth Stiller, P.C. ("Stiller, P.C."), by and through its undersigned counsel, and makes this Counterclaim against Plaintiff, Hope Bolden.

80.     This Counterclaim is made pursuant to Rule 13(a) of the *Federal Rules of Civil Procedure*.

81.     Plaintiff was hired by Defendant Stiller, P.C., on or about August 2003.

82.     Stiller, P.C. agreed to pay Plaintiff and Plaintiff agreed to work a regular 80 hours bi-weekly and to receive payment bi-weekly.  Each bi-weekly payment was to be determined by time clock records on a Stiller, P.C. computer.

83.     Plaintiff requested that Stiller, P.C. allow her to work at home to make up for the time she was absent during the regular work week.

84.     Plaintiff was not required or asked to work overtime when she requested permission to work at home.

85.     Stiller P.C. and Plaintiff agreed that when Plaintiff worked at home, she would seek and receive authorization from her supervisor prior to performing any work for Stiller, P.C.

86.     Plaintiff and Stiller, P.C. agreed that before any work performed at home by Plaintiff was due and payable, Plaintiff would provide adequate and substantive documentation to Stiller, P.C. of the hours of unsupervised work that she performed at home.

87.     Plaintiff agreed that any claim for payment for work performed at home would be reported by Plaintiff to Stiller, P.C.  It was understood that any claim for

payment by Plaintiff made to Stiller, P.C. would be an accurate account of the actual time Plaintiff worked for Stiller, P.C.

88.     Plaintiff failed and refused to obtain prior authorization for most of the work she performed at home.

89.     Plaintiff failed to provide adequate and substantive documentation for the work Plaintiff performed at home.

90.     Relying on Plaintiff's representations that the time Plaintiff claimed to have worked was accurate, Stiller, P.C. paid Plaintiff for the hours she claimed to have performed work at her home.  Defendants now believe that Plaintiff did not accurately report the hours that she worked at home.  Upon information and belief, Plaintiff claimed and was paid for hours for which she did no work.

91.     Stiller, P.C. is entitled to reimbursement for all hours for which Plaintiff was paid as a result of a false claim that she performed unsupervised work for Stiller, P.C., but in actuality, did no work.

## SECOND COUNTERCLAIM

92.     Defendants incorporates herein by reference the foregoing allegations contained in Paragraphs 79 through 90 of its First Counterclaim, as if set out herein in full.

93.     During the relevant period preceding the filing of this Second Counterclaim, Plaintiff reported on numerous occasions that she performed unsupervised work at Stiller, P.C. offices other than the Montgomery office and that she performed unsupervised work at home.

94.    Plaintiff further reported to Defendant Stiller, P.C. from time to time, that she was entitled to vacation pay, sick pay and other benefits.

95.    On numerous occasions, Plaintiff received payment for the time she claimed to have worked at home and for hours she claimed to be sick or on vacation.

96.    Many of the said representations by Plaintiff that she had worked at home, worked out of the office, was sick or on vacation, were false and (a) Plaintiff knew that they were false or (b) Plaintiff, without knowledge of the true facts, recklessly misrepresented the facts, or (c) were made by Plaintiff by mistake, but with the intention that Stiller, P.C. should rely on the facts provided by Plaintiff.

97.    Defendants reasonably believed the said representations made by Plaintiff and relied upon them by paying Plaintiff for hours that Plaintiff did not work and by granting Plaintiff benefits to which she was not entitled.

98.    Plaintiff suppressed certain material facts which if disclosed to Stiller, P.C., would reveal that Plaintiff was not entitled to all of the hours that she claimed to have worked, or to all the leave time that she claimed as a result of medical problems that did not exist.

99.    Plaintiff's failure to disclose material facts to Stiller, P.C. induced Defendant Stiller, P.C. to pay Plaintiff for work that she did not perform and provide benefits to Plaintiff to which she was not entitled.

100.    Plaintiff had an obligation to provide accurate information to Defendants because Defendants had agreed to allow her to work in an unsupervised environment.

101.    Shortly before Plaintiff was terminated, Stiller, P.C. refused to pay Plaintiff for hours Stiller, P.C. believed to be based on false claims.

102.    For example, Defendants asked Plaintiff for a doctor's excuse for her absences, and Plaintiff provided Defendants with a forged letter purportedly from a physician at a cancer treatment center in Michigan.    Defendants learned that the physician's signature was a forgery by Plaintiff and that the physician and the treatment center never heard of Plaintiff.    Defendants also learned that Plaintiff's claim of hospitalization in Troy, Alabama, for an alleged suicide attempt was entirely false. Plaintiff was not hospitalized nor did she attempt suicide.

103.    As a proximate result of said fraud, Defendant Stiller, P.C., was caused to suffer damages by paying Plaintiff based on hours that Plaintiff did not work, and by granting Plaintiff benefits to which she was not entitled.

104.    Stiller, P.C. claims punitive damages of the Plaintiff because of the intentional or gross and reckless nature of the fraud.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that, after due proceedings, this Court enter judgment in their favor dismissing all of Plaintiff's claims against them with prejudice and awarding to Defendants costs of this action, reasonable attorney's fees, and judgment on the Counterclaims in an amount to be determined by a jury together with interest thereon, in addition to punitive damages determined by the Court, and for such other relief as the Court shall deem proper.

Respectfully submitted,

/s/ M. Wayne Sabel
M. Wayne Sabel (SAB002)
Attorney for Defendants

**OF COUNSEL:**

**SABEL & SABEL, P.C.**
2800 Zelda Road, Suite 100-5
Montgomery, Alabama 36106
334-271-2770
334-277-2882 Fax

## CERTIFICATE OF SERVICE

I do hereby certify that on the 26th day of February, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Thomas G. Mancuso, Esq.
Constance C. Walker, Esq.
Attorneys for Plaintiff Hope Bolden
HASKELL SLAUGHTER YOUNG & GALLION, LLC
Post Office Box 4660
Montgomery, Alabama 36103-4660

/s/ M. Wayne Sabel
OF COUNSEL