**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **HOPE BOLDEN,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **Case Number: 2:08cv21-MEF** |
| | ] | |
| **MICKI BETH STILLER, P.C. and** | ] | |
| **MICKI BETH STILLER,** | ] | |
| | ] | |
| **Defendants.** | ] | |

## ANSWER TO COUNTERCLAIM

**COMES NOW** Plaintiff/Counterclaim Defendant Hope Bolden (hereafter referred to as "Bolden"), and answers the allegations contained in the Defendants' Answer to First Amended Complaint and Counterclaim (Doc. No. 18), by denying all allegations contained in the Counterclaim. As to each specific allegation in the Counterclaim, Bolden responds as follows:

### FIRST COUNTERCLAIM

97.     The first numbered paragraph of the Counterclaim, paragraph 97, requires no response from Bolden. To the extent a response is required, denied.

98.     Admitted.

99.     Denied.

100.     Denied. By way of further answer, Bolden submits that Defendants regularly required, suffered or permitted Bolden to perform work at home, after regular work hours and on weekends. This work was in addition to Bolden's regular work hours of forty (40) hours per week.

1

101.    Denied.    By way of further answer, Bolden submits that Defendants regularly required, suffered or permitted  Bolden to perform work at home, after regular work hours and on weekends.  This work was in addition to Bolden's regular work hours of forty (40) hours per week.

102.    Denied.  By way of further answer, Bolden submits that Defendants regularly required, suffered or permitted  Bolden to perform work at home, after regular work hours and on weekends.  This work was in addition to Bolden's regular work hours of forty (40) hours per week.

103.    Denied.  By way of further answer, Bolden submits that Defendants regularly required, suffered or permitted  Bolden to perform work at home, after regular work hours and on weekends.  This work was in addition to Bolden's regular work hours of forty (40) hours per week.

104.    Bolden admits that she accurately reported her work hours to the Defendants.  The remaining allegations in paragraph 104 are denied.

105.    Denied.  By way of further answer, Bolden submits that Defendants regularly required, suffered or permitted  Bolden to perform work at home, after regular work hours and on weekends.  This work was in addition to Bolden's regular work hours of forty (40) hours per week.

106.    Denied.

107.    Denied.

108.    Denied.  Further, to the extent Bolden has not responded to all of the allegations in the Counterclaim, paragraphs 97 through 108, all of the same are denied.  Bolden further denies all prayers for relief and denies that Defendants are entitled to any of the relief requested in the Counterclaim.

## SECOND COUNTERCLAIM

109.   Bolden incorporates herein her responses to paragraphs 97 through 108 of the Counterclaim as if the same were set out here in full.

110.   Bolden admits that Defendants regularly required, suffered or permitted Bolden to perform work at home, and at the Defendants' other offices not located in Montgomery. The remaining allegations in paragraph 110 are denied.

111.   Admitted.

112.   Denied.

113.   Denied.

114.   Denied.

115.   Denied.

116.   Denied.

117.   Bolden admits that she accurately reported her work hours to the Defendant. The remaining allegations in paragraph 117 are denied.

118.   Denied.   By way of further answer, Bolden submits that throughout Bolden's employment with Defendants, Defendants knowingly, willfully and consistently refused to pay Bolden and other employees overtime compensation for work performed over 40 hours per week in violation of the Fair Labor Standards Act.

119.   Bolden admits that after Defendants retaliated against her by canceling her vacation, Bolden provided a physician's letter to Defendants that was actually written by Bolden. The remaining allegations in paragraph 119 are denied.

120.   Denied.

121.     By way of further answer, Bolden submits that Defendants have failed to allege or plead any facts that warrant the recovery of any damages, much less punitive damages.  Further, to the extent Bolden has not responded to all of the allegations in the Second Counterclaim, paragraphs 109 through 121, all of the same are hereby denied.  Bolden further denies all prayers for relief and denies that Defendants are entitled to any of the relief requested in the Counterclaim.

## AFFIRMATIVE DEFENSES

Bolden asserts the following affirmative defenses without assuming the burden of proof on these defenses that would otherwise rest with Defendants.

## FIRST DEFENSE

The Counterclaim fails to state a claim against Bolden upon which relief can be granted.

## SECOND DEFENSE

Bolden denies each and every material allegation in the Counterclaim and demands strict proof thereof.

## THIRD DEFENSE

The Counterclaim is or may be barred by the applicable statute of limitations.

## FOURTH DEFENSE

Bolden denies the nature and extent of the damages claimed by the Defendants in the Counterclaim.

## FIFTH DEFENSE

Bolden denies all allegations not specifically admitted herein.

## SIXTH DEFENSE

Bolden asserts the affirmative defenses of waiver and estoppel.

4

### SEVENTH DEFENSE

Bolden asserts the affirmative defense of laches.

### EIGHTH DEFENSE

Bolden asserts the affirmative defense of unclean hands.

### NINTH DEFENSE

Bolden asserts the affirmative defense of fraud.

### TENTH DEFENSE

Bolden asserts the affirmative defenses of set off, payment, recoupment and release.

### ELEVENTH DEFENSE.

Bolden asserts the affirmative defense of accord and satisfaction.

### TWELFTH DEFENSE

The Counterclaim asserting fraud is due to be dismissed because Defendants have failed to plead the allegations of fraud with particularity as required by Rule 9(b), Fed. R. Civ. P.

### THIRTEENTH DEFENSE

Defendants fail to plead their claim giving rise to punitive damages with particularity, and such claim is therefore due to be dismissed.

### FOURTEENTH DEFENSE

Defendants' Counterclaim is barred due to estoppel resulting from Defendants' conduct, or lack thereof, and by detrimental reliance on such conduct by Bolden.

### FIFTEENTH DEFENSE

Bolden reserves the right to assert additional defenses that may become apparent upon further investigation, discovery, examination or cross-examination.

5

**SIXTEENTH DEFENSE**

Bolden pleads the general issue.

**SEVENTEENTH DEFENSE**

Bolden pleads the affirmative defenses of modification, novation and ratification.

**EIGHTEENTH DEFENSE**

Defendants' claims for recovery, including, but not limited to, any claim for damages, penalties, and punitive damages are in contravention of Bolden's rights under each of the following Constitutional provisions:

a.    Article l, Section 8 of the United States Constitution, which prohibits impermissible burdens on interstate commerce;

b.    The excessive fines clause of the Eighth Amendment to the United States Constitution;

c.    The due process clause of the Fourteenth Amendment to the United States Constitution;

d.    The excessive fines clause of Article 1, Section 15 of the Constitution of Alabama;

e.    The due process clause of Article 1, Section 6 of the Constitution of Alabama;

(I) the double jeopardy clause of the Fifth Amendment of the United States Constitution; and

(ii) the double jeopardy of Article 1, Section 9 of the Constitution of Alabama.

**NINETEENTH DEFENSE**

Bolden asserts the affirmative defense of duress.

_____/s/*Constance C. Walker*_____
Thomas G. Mancuso (ASB-6179-O53T)
Constance C. Walker (ASB-5510-L66C)
Attorneys for the Plaintiff/Counterclaim
Defendant Hope Bolden

**OF COUNSEL:**

**HASKELL SLAUGHTER YOUNG & GALLION, LLC**
305 South Lawrence Street
Post Office Box 4660
Montgomery, Alabama 36103-4660
(334) 265-8573
(334) 264-7945 Fax

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of May, 2008, I electronically filed the foregoing with

the Clerk of the Court using the **CM/ECF** system that will send notification of such filing to the

following counsel:

M. Wayne Sabel
Sabel & Sabel
Hillwood Office Center
2800 Zelda Road, Suite 100-5
Montgomery, Alabama  36106

_____/s/*Constance C. Walker*_____
OF COUNSEL

33217

7